IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:24-00083

TAIRON JORDAN BRADLEY

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Tairon Jordan Bradley's Motion to Dismiss. ECF No. 43. In the motion, Mr. Bradley seeks to dismiss the May 21, 2024, Indictment returned against him. *Id.* The United States filed a Response in opposition. ECF No. 44. For the reasons discussed below, the Court **DENIES** the motion.

The Indictment charges Mr. Bradley with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[1] The Indictment provides that, on or about November 7, 2023, Mr. Bradley knowingly possessed a loaded Weihrauch Hermann Model EA/R .38 special/.357 magnum revolver, in or affecting interstate commerce. ECF No. 1. The Indictment further alleges Mr. Bradley knew he had previously been convicted of crimes punishable by a term of imprisonment exceeding one year. *Id.*

Mr. Bradley claims that § 922(g)(1) violates the Second Amendment both facially and as applied in this case. Mr. Bradley points to the "text and history" standard for the Second

---

[1] Section 922(g)(1) provides, in part: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]" 18 U.S.C. §922(g)(1), in part. Section 924(a)(8) states: "Whoever knowingly violates subsection (d) or (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both." 18 U.S.C. § 924(a)(8).

Amendment that the Supreme Court applied in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024). ECF No. 43, at 2. According to Mr. Bradley, he chose to possess a firearm to protect himself from being shot again, an act he maintains the Second Amendment protects. *Id.* at 2–4. He argues that § 922(g)(1) criminalizing such behavior is unconstitutional. *Id.* However, Mr. Bradley concedes *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024) effectively forecloses his facial challenge. *Id.* He further acknowledges that *United States v. Hunt*, ___ F.4th ___, 2024 WL 5149611 (4th Cir. Dec. 18, 2024) limits his ability to bring an as-applied challenge in this case. *Id.* at 2–3. Despite these concessions, Mr. Bradley brings this motion to preserve the issue for later review. *Id.* at 2.

In Response, the Government also points to *Canada* and *Hunt*. ECF No. 44, at 3–4. The Government correctly argues these Fourth Circuit decisions prevent Mr. Bradley from succeeding on either his facial or as-applied challenge. *Id.* at 4.

Both parties noted that this Court has routinely upheld the constitutionality of § 922(g)(1) after the Supreme Court's decision in *Bruen*. *See, e.g., United States v. Ray*, No. CR 3:21-00057, 2023 WL 4378152 (S.D.W. Va. July 6, 2023) (rejecting the defendant's as-applied and facially unconstitutional arguments under *Bruen* and denying his motion to dismiss the § 922(g)(1) charge against him). Mr. Bradley provides no reason for the Court to depart from past practice. The Fourth Circuit's recent decisions in *Canada* and *Hunt* further instruct against departing from this line of decisions. Therefore, the Court finds § 922(g)(1) does not violate the Second Amendment and **DENIES** the Motion to Dismiss, ECF No. 43.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 8, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE